# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| CHERLY A. VAUGHN-CURRY, a/k/a<br>CHERLY B. CURRY<br>CHERLY CURRY<br>CHERLY VAUGHN | : | CASE NO: 16- 17726ELF |
| Debtor | : | |

## DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION

The Debtor, through counsel, responds to the Objection of William C. Miller, Esquire, Chapter 13 Standing Trustee (the "Trustee"), to Confirmation of the Plan (the "Objection") as follows:

1. The Objection asserts that Debtor has not provided proof of automobile insurance. This is not true. A copy of Debtor's insurance card was provided to the Trustee at the meeting of creditors. Upon information and belief, the Trustee's position is that the card, which is deemed sufficient proof under Pennsylvania law at any traffic stop, is insufficient. The Trustee wants a declaration page. It is an overreaching and unreasonable request.

2. The Trustee provides no provision of the Bankruptcy Code or Rules to support his position that he is entitled to ANY proof of automobile insurance.

3. The Objection also states as a basis that because "Debtor(s) has/have failed to file amended plan as directed at the meeting of creditors held under 11 U.S.C. Section 341(a). This is simply nonsensical. There is no provision of the Bankruptcy Code or Rules that requires the Debtor to amend a plan at the Trustee's request.

4.	Presumably the Trustee has an issue with the feasibility current plan. If so , why not state what that issue is? Requiring the Trustee to do so is not unreasonable. These form objections based on "failure to amend because I asked you" have no basis in the law and quite honestly venture into violations of Rule 9011. This is particularly egregious where, as here, insufficient claims have been filed for the Trustee to possibly make a determination as to plan feasibility.[1]

5.	As a matter of law, while asserting rather broadly that Debtor's Plan does not comply with §§ 1322 and 1325 of the Bankruptcy Code, the Trustee fails to identify what provision of these sections, or any provision of the Code for that matter, support the Objection.

WHEREFORE, Debtor prays that this Court OVERRULE the Objection and confirm the Plan.

/s/ Alfonso G. Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215) 689-4809 (fax)

---

[1] As of this date, TWO proofs of claim have been filed, neither of which renders the Plan in its current form infeasible. At some point, when certain claims are filed, the plan will likely become infeasible, but that hardly justifies the Trustee's use of legal pleadings to act as "placeholders".