United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 16-17726-elf
Cherly A Vaughn-Curry                                                 Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: Antoinett        Page 1 of 1        Date Rcvd: Aug 30, 2017
                        Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 01, 2017.
db             +Cherly A Vaughn-Curry,    1341 Farrington Rd.,    Philadelphia, PA 19151-2832

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2017                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2017 at the address(es) listed below:
      ALFONSO G. MADRID    on behalf of Debtor Cherly A Vaughn-Curry alfonsomadridlawECF@gmail.com
      DENISE ELIZABETH CARLON    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
      THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
       bkgroup@kmllawgroup.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                            TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | : | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| CHERLY A. VAUGHN-CURRY, a/k/a | : | CASE NO: 16-17726ELF |
| CHERLY B. CURRY | : | |
| CHERLY CURRY | : | |
| CHERLY VAUGHN | : | |
| | : | |
| Debtor | : | |
| | : | |
| | : | |
| _____ | : | |

# <u>ORDER</u>

AND NOW, this   30th   day of August, 2017, upon consideration of the Motion for Relief from the Automatic Stay filed by Bank of America, N.A., the Debtor's response thereto, and by agreement of the parties;

IT IS **ORDERED**, that the Motion is **DENIED** subject to the conditions set forth below:

1. Within seven (7) days of the entry of this Order, Debtor shall file an Amended Chapter 13 Plan to include payment of post-petition arrears to Movant totaling $3,041.94 (reflecting April-July mortgage payments totaling $2,010.94 plus $1,031.00 attorney fees and costs).

2. Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears, fees and costs of $3,041.94.  Form 410A shall not be required for this Amended or Supplemental Proof of Claim.

3. Debtor must maintain current monthly mortgage payments to Movant thereafter.

4. In the event that Debtor fails to make any post-petition mortgage payments on or before their due dates (or any applicable contractual grace periods), Movant may give the Debtor and Debtor's counsel written notice of the default.  If such default is not cured within fourteen (14) days

after service of the notice, upon Certification of Default filed with the Court and served on the Debtor and Debtor's counsel, the Court may terminate the automatic stay without a further hearing.

5. If the case is converted to Chapter 7, Movant may file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**